United States District Court
Southern District of Texas
**ENTERED**
October 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FARAI SEAN MACHAMIRE, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-07572 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARKWAYNE MULLIN, *et al*, Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Farai Sean Machamire filed a petition for writ of *habeas corpus* under 28 USC §2241 on September 9, 2026. Dkt 1. He alleges that he was issued a final order of removal and granted withholding of removal to his home country of Zimbabwe on February 19, 2009. Id at ¶¶14–16. He states that he was again detained in August of 2026 after a prolonged period of release under an order of supervision. Id at ¶¶16–19. He asserts that his current detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) 8 USC §1231(a) as interpreted by *Zadvydas v Davis*, 533 US 678, 701 (2001), (iii) 8 CFR §§241.4 and 241.13, and (iv) 8 USC §1231(b)(3)(A). Id at ¶¶21–37.

Prior order noted that Petitioner appeared to be subject to a final order of removal, which would indicate that he's detained pursuant to 8 USC §1231(a), but that the date detention commenced was unclear. Dkt 5 at 1. The Government was thus ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending is a motion by the Government for summary judgment. Dkt 6. It maintains that Petitioner is lawfully detained under 8 USC §1231 pursuant to a final order of removal from 2009. Id at 2. It states that Petitioner (i) failed to comply with the terms of his order of supervision, (ii) was "moved to the absconder docket," and (iii) was detained on August 19, 2026. Ibid, citing Dkt 6-1 at 3–5 (noting documentation that Petitioner's phone had been disconnected). It also maintains that Petitioner's detention of approximately three months is less than the presumptively reasonable six-month duration stated in *Zadvydas v Davis*. Id at 4, citing 533 US at 701. It also maintains that Petitioner fails to carry his burden that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Ibid, citing *Zadvydas*, 533 US at 701.

Petitioner on reply reasserts arguments as to his due process claims. Dkt 7 at 5–11. He also asserts that the Government fails to establish a significant likelihood of removal in the reasonably foreseeable future. Id at 10–11.

Petitioner concedes that he is subject to a final order of removal. Id at 3. The *Zadvydas* framework regarding detention pending removal thus controls here. The undersigned considered such framework at length in *Abuelhawa v Noem*, 2025 WL 2937692, *4–6 (SD Tex). That analysis is incorporated. In short, the Supreme Court interprets 8 USC §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. It further holds in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

Petitioner's detention of approximately three months is presumptively reasonable under *Zadvydas*. This means in turn that "any challenge to his continued post removal

order detention is premature." See *Agyei-Kodie v Holder,* 418 F Appx 317, 318 (5th Cir 2011). His arguments as to the likelihood of removal in the reasonably foreseeable future are also premature. See Dkts 1 at ¶¶27–32 & 7 at 10.

Petitioner thus hasn't established that his current detention violated either the Constitution or federal law.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Farai Sean Machamire is DENIED. Dkt 1.

Any other pending motions are DENIED AS MOOT.

This action is DISMISSED WITHOUT PREJUDICE to refiling if Petitioner is still detained when the presumptively reasonable period articulated in *Zadvydas* has elapsed.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on October 23, 2026 , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge